## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| VANESSA TOMPKINS, | |
| Plaintiff, | No. C14-00129-LTS |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

———————————

Plaintiff Vanessa Tompkins seeks judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying her applications for Social Security disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.* (Act). Tompkins contends that the administrative record (AR) does not contain substantial evidence to support the Commissioner's decision that she was not disabled during the relevant period. For the reasons that follow, the Commissioner's decision is affirmed.

## I.    BACKGROUND

Tompkins was born in 1956 and completed eleven years of schooling. AR 235. She has previously worked as a cashier II and a security guard. The Administrative Law Judge (ALJ) determined that she was capable of performing both of those prior positions. AR 32-33.

Tompkins filed her application for DIB on November 7, 2011, and for SSI on November 14, 2011, both alleging a disability onset date of April 1, 2009. AR 16, 188. She contends that she is disabled due to migraines; asthma; knee pain; osteoarthritis of

the hands; history of stroke; and depression.  AR 18.  Tompkins' claims were denied initially and on reconsideration.  AR 129, 133.  She then requested a hearing before an ALJ.  ALJ Patrick Nagle conducted a hearing on August 21, 2013, and issued a decision denying Tompkins' claim on August 29, 2013.  AR 33.

Tompkins sought review by the Appeals Council, which denied review on September 29, 2014, leaving the ALJ's decision as the final decision of the Commissioner.  AR 1.  On December 2, 2014, Tompkins filed a complaint (Doc. No. 1) in this court seeking review of the Commissioner's decision.  On January 21, 2015, with the consent of the parties (Doc. 4), the Honorable Linda R. Reade transferred this case to me for final disposition and entry of judgment.  The parties have now briefed the issues and the matter is fully submitted.

## II.    *DISABILITY DETERMINATIONS AND THE BURDEN OF PROOF*

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); *accord* 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).  First, the Commissioner will consider a claimant's work activity.  If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see "whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities." *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby*, 500 F.3d at 707; *see also* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Bowen v. Yuckert*, 482 U.S. 137, 141, 107 S. Ct. 2287, 2291 (1987). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on her ability to work." *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (internal quotation marks omitted).

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's residual functional capacity (RFC) to determine the claimant's "ability to meet

the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). "RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (internal quotation marks omitted); *see also* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *Id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in Step Four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to show that there is other work that the claimant can do, given the claimant's RFC as determined at Step Four, and his or her age, education, and work experience. *See Bladow v. Apfel*, 205 F.3d 356, 358-59 n.5 (8th Cir. 2000). The Commissioner must show not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). At Step Five, even though the burden of

production shifts to the Commissioner, the burden of persuasion to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

## III. ALJ'S FINDINGS

The ALJ made the following findings:

1.      The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2.      The claimant has not engaged in substantial gainful activity since November 7, 2011, the amended alleged onset date.

3.      The claimant has the following severe impairments: migraines; asthma; knee pain; osteoarthritis of the hands; history of stroke; and depression.

4.      The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5.      After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except she can never kneel, crawl, or climb ladders, ropes or scaffolds; can only occasionally climb ramps or stairs; can frequently handle (gross manipulation) and/or finger (fine manipulation) with her upper extremities; and must avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts and gases.  In addition, the claimant is limited to simple, routine, repetitive tasks with only occasional changes in the work setting.

6.      The claimant is capable of performing her past relevant work as a cashier II.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7.      The claimant has not been under a disability, as defined in the Social Security Act, from November 7, 2011, through the date of this decision.

AR 19-34.

## IV.    *THE SUBSTANTIAL EVIDENCE STANDARD*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645.  The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005).  The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010).  The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989).  The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)).  Instead, if, after reviewing the evidence, the court finds it "possible to

draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## V.    DISCUSSION

Tompkins makes the following arguments:

> 1.    The ALJ's RFC assessment is not supported by work-related limitations from a treating or examining source.
>
> 2.    The ALJ incorrectly failed to find Tompkins' major depressive disorder and cluster B personality traits led to difficulties in social functioning.
>
> 3.    The ALJ's errors are not harmless.

I will address the first two arguments together, as they both are directed to the ALJ's evaluation of Tompkins' RFC.

### A.    *The RFC Determination*

#### 1.    *Applicable Standards*

The claimant's RFC is "what [the claimant] can still do" despite his or her "physical or mental limitations." 20 C.F.R. § 404.1545(a)(1). "The ALJ must determine a claimant's RFC based on all of the relevant evidence." *Fredrickson v. Barnhart*, 359 F.3d 972, 976 (8th Cir. 2004). This includes "an individual's own description of [her]

7

limitations." *McGeorge v. Barnhart*, 321 F.3d 766, 768 (8th Cir. 2003) (quoting *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). The claimant's RFC "is a medical question," *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001), and must be supported by "some medical evidence." *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam). The medical evidence should address the claimant's "ability to function in the workplace." *Lewis*, 353 F.3d at 646. At step four, the claimant has the burden to prove his RFC and the ALJ determines the RFC based on all relevant evidence. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004).

The ALJ is not required to mechanically list and reject every possible limitation. *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011). Furthermore, "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). "[T]he ALJ may reject the conclusions of any medical expert, whether hired by a claimant or by the government, if inconsistent with the medical record as a whole." *Bentley v. Shalala*, 52 F.3d 784, 787 (8th Cir. 1995). The RFC must only include those impairments which are substantially supported by the record as a whole. *Goose v. Apfel*, 238 F.3d 981, 985 (8th Cir. 2001); *see also Forte v. Barnhart*, 377 F.3d 892, 897 (8th Cir. 2004).

### 2.    *Analysis*

Tompkins first contends that substantial evidence does not support the ALJ's RFC findings because there is not at least "some medical evidence" supporting those findings. In particular, Tompkins argues that the ALJ should have obtained opinion evidence from a treating or examining source. I find, however, that the ALJ's RFC assessment is supported by "some medical evidence" and other substantial evidence of record.

Tompkins relies on *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000), to argue that the ALJ was required to obtain a treating or examining source medical opinion

regarding her ability to perform work-related activities. In *Nevland*, the Eighth Circuit Court of Appeals held that "once a claimant demonstrates that he or she is unable to do past relevant work, the burden shifts to the Commissioner to prove, first, that the claimant retains the residual functional capacity to do other kinds of work." *Id*. The court explained that this burden must usually be met by "some medical evidence," including by a treating or examining medical source. *Id*. at 857-58. The court relied heavily on the fact that the ALJ had found at Step Four that the plaintiff could not do his past work, and thus went on to Step Five and found that there was other work he could do. *Id*.

The court noted that at Step Five, the burden shifts to the Commissioner to show that there is other work the claimant can do. *Id*. at 857. The court held that the record must contain some medical evidence (presumptively, but not always, from a treating or examining medical source) for the Commissioner to meet this burden. *Id*. at 858. The Eighth Circuit has consistently held that the holding of *Nevland* is based on the shifting burden of proof and, therefore, applies only in cases that reach Step Five of the sequential evaluation process. *See, e.g., Casey v. Astrue*, 503 F.3d 687 (8th Cir. 2007); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).

The ALJ must craft a claimant's RFC between Step Three and Step Four of the process. *See* 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945; *Clarification of Rules Involving [RFC] Assessment*, 68 Fed. Reg. 51,153-01, 51155 (Aug. 26, 2003). RFC must be "based on all the relevant evidence in [a claimant's] case record" and must encompass both medical and nonmedical evidence. *Id*. §§ 404.1545(a)(1), (3), & (b) 416.945(a)(1), (3) & (b); *accord Jones*, 619 F.3d at 971. At the hearing level, the ALJ is responsible for the assessment of RFC, *id*. §§ 404.1546(c) 416.946(c), an issue that is specifically reserved to the Commissioner, *id*. §§ 404.1527(d)(2)-(3), 416.927(d)(2)-(3); *accord Cox v. Astrue,* 495 F.3d 614, 620 (8th Cir. 2007). A claimant bears the burden of demonstrating any functional limitations that must be incorporated into RFC. *Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005); *accord Vossen v. Astrue*, 612 F.3d 1011,

1016 (8th Cir. 2010) ("[T]he burden of persuasion to prove disability and demonstrate RFC remains on the claimant."); *Stormo v. Barnhart*, 377 F.3d 801, 805 (8th Cir. 2004) (similar). Thus, "[e]ven though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Cox*, 495 F.3d at 619; *accord* 20 C.F.R. § 416.927(d)(2). Ultimately, then, the Court's only task is to ascertain whether "some medical evidence" supports the ALJ's decision. *Jones*, 619 F.3d at 971.

Here the ALJ's decision is supported by substantial medical evidence. The ALJ assigned "great" weight to the opinions of Thomas Low, Ph.D., a state-agency psychologist. AR 32. Additionally, the ALJ explicitly found that Tompkins' daily activities supported Dr. Low's assessment (AR 32, 115-116, 118-120). *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (affirming where ALJ based RFC assessment on physician's instruction to exercise and on statements made in disability report); *Perks*, 687 F.3d at 1092-93 (affirming despite ALJ's rejection of medical opinion evidence of record where ALJ relied on treatment received and daily activities); *Cox*, 495 F.3d at 619 (stating that "[t]o the extent [claimant] is arguing that residual functional capacity may be proved *only* by medical evidence, we disagree.")

An opinion from a non-examining state-agency expert may, in the proper circumstances, be accorded greater weight than a treating-source medical opinion. Social Security Ruling 96-6p (July 2, 1996), *available at* 1966 WL 374180, at *3. Consistent with this policy statement, the case law instructs that an ALJ may rely on "other" opinion evidence provided that the ALJ first permissibly rejects the treating-source evidence of record. *See Smith v. Colvin*, 756 F.3d 621, 626-27 (8th Cir. 2014); *see also Jones*, 619 F.3d at 971 (requiring only that the record contain "some medical evidence" supporting the ALJ's decision"); *Heino v. Astrue*, 578 F.3d 873, 879-80 (8th Cir. 2009) (holding ALJ could rely on other opinion evidence after properly discounting treating-physician opinions); *Harvey v. Barnhart*, 368 F.3d 1013, 1016 (8th Cir. 2004) (permitting reliance

upon state-agency experts as part of record); 20 C.F.R. §§ 404.1527(e), 416.927(e) (same). The ALJ did not err by affording great weight to Dr. Low's report.

In analyzing Tompkins' social functioning, the ALJ relied on evidence that she had functional relationships with her mother, brother, sister, and daughter (AR 27, 61-62, 64, 314, 430); that she shopped and took her mother to medical appointments (AR 27, 62); that Dr. Chin described her as cooperative (AR 413); and that Dr. Panagos described her as serious, polite, and sincere (AR 27, 400). The ALJ also pointed out that Dr. Khattak determined that Tompkins could behave appropriately in social situations. AR 22, 431. *Perks*, 687 F.3d at 1092-93 (affirming RFC assessment based in part on treatment record). Further, the ALJ reasonably relied on Dr. Low's opinion that plaintiff did not have social limitations. AR 32, 119. *Smith*, 756 F.3d at 626-27. By contrast, Tompkins points to no medical opinion evidence supporting her claim of disability, despite bearing the burden of proof. *See Goff*, 421 F.3d at 794.

Tompkins points to two short opinions authored by Samina Khattak, M.D., who provided mental health care. Doc. No. 9 at 10 (citing AR 433-34). The ALJ considered Dr. Khattak's opinions but found that they were conclusory, usurped the role of a vocational expert and were inconsistent with Tompkins' daily activities. AR 32. Tompkins does not quarrel with the ALJ's decision to afford little weight to Dr. Khattak's opinions, but does argue that the ALJ should have developed the record further by either obtaining a more detailed opinion from Dr. Khattak or commissioning a consultative examination. Doc. No. 9 at 10-14.

This argument overstates the ALJ's duty to develop the record. The claimant, not the Commissioner, bears the primary burden of presenting evidence to support allegations of disability. *See* 20 C.F.R. §§ 404.1512(a), (c), 416.912(a), (c); *accord Whitman v. Colvin*, 762 F.3d 701, 707 (8th Cir. 2014) (citing *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994). The ALJ has a duty to develop the record further only if the existing record is insufficient to resolve

a claim.  20 C.F.R. §§ 404.1512(d)-(f), 404.1520b, 416.912(d)-(f), 416.920b; *accord Halverson v. Astrue*, 600 F.3d 922, 933 (8th Cir. 2010).  For example, the ALJ may be required to obtain additional evidence, recontact treating sources or order consultative examinations.  *Id.* §§ 404.1512(f), 404.1517, 404.1519, 404.1519a-b, 416.912(f), 416.917, 416.919, 416.919a-b (elucidating standards for ordering consultative examinations); *see also Id.* §§ 404.1520b(c), 416.920b(c) (setting forth the standard for obtaining additional evidence).  However, the Eighth Circuit has explained, "[w]hile an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011) (citing *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994)).  Ultimately, the ALJ need only ensure that the record is adequate to permit a decision. *See, e.g.*, *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013).

Tompkins has not shown the record was inadequate to permit a decision.  In *Kamann*, the court affirmed the ALJ's findings regarding the claimant's mental impairments even though both state-agency experts opined that the record was insufficient.  721 F.3d at 950.  The court found that the ALJ's RFC assessment was supported by substantial evidence in light of the longitudinal treatment record and a state-agency expert's opinion.  *Id.* at 951.  Here, the ALJ's decision demonstrates that he thoroughly reviewed the medical treatment record in painstaking detail.  AR 18-32.  The ALJ emphasized that despite Tompkins' depression, Sophia Chin, M.D., recorded that she displayed an appropriate mood and affect in August 2013 (AR 31,413); that Dr. Khattak found that she could make sensible decisions and was appropriate in social situations in March 2013 (AR 31, 431); and that Alexander Panagos, M.D., opined that Tompkins showed a serious, polite, and sincere demeanor and exhibited intact memory, concentration, and attention in April 2012 (AR 31, 400).  Moreover, the ALJ justifiably based his RFC assessment on Dr. Low's report and Tompkins' daily activities.  AR 32. *See Myers*, 721 F.3d at 527 (daily activities); *Smith*, 756 F.3d at 626-27 (state-agency

expert report). In particular, the ALJ emphasized that Tompkins remained able to help care for her elderly mother and took her to medical appointments. AR 31, 62, 64, 314, 430. Therefore, "some medical evidence," along with other evidence of record, supports the ALJ's RFC assessment. *See Jones*, 619 F.3d at 971.

Tompkins' second argument, which is that the ALJ's RFC assessment is flawed because it failed to incorporate certain limitations in social functioning, disregards the applicable standard of review. Because substantial evidence supports the ALJ's findings, Tompkins' ability to point to contrary evidence is inconsequential. The ALJ was well within his "zone of choice." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006). As such, his decision must be affirmed.

## B. *Harmless Error*

Since I find that the ALJ did not err in his decision, I need not address Tompkins' contention that the alleged errors were not harmless.

## VI. CONCLUSION

After a thorough review of the entire record and in accordance with the standard of review I must follow, I conclude that the ALJ's determination that Tompkins was not disabled within the meaning of the Act is supported by substantial evidence in the record. Accordingly, the final decision of the Commissioner is **affirmed**. Judgment shall enter against Tompkins and in favor of the Commissioner.

**IT IS SO ORDERED.**

**DATED** this 29th day of January, 2016.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE